It was in evidence that the plaintiff, by parol contract, rented to one Taylor the lands of his intestate for the years 1869-'70-'71, reserving the sum of four hundred dollars annually, as rent. The defendant agreed to advance to Taylor supplies for the year 1870, to the value of five hundred dollars, secured by mortgage on the crop raised on the land. In addition to that amount he also advanced to Taylor several hundred dollars, for which he had no lien.
The rent for 1870 being unpaid, in February, 1871, the plaintiff called on Taylor for payment, who promised to deliver to him, in Tarboro', seven bales of cotton, raised on the land in 1870.
The plaintiff informed the defendant of these facts, and requested him to store the cotton in his yard and take care of it for him, and the defendant promised to do so. Taylor was present with the cotton, and under this contract placed the cotton in the yard of the defendant. The defendant did not inform the plaintiff of his claim against Taylor. Prior to that time, Taylor had delivered to the defendant more than enough cotton to pay the debt secured by mortgage, but not enough to pay both debts. The defendant, in the absence of instructions, applied a part of the proceeds of said cotton to the payment of the debt which was not secured, and the balance in payment of the mortgage debt.
The defendant, without the knowledge or consent of the plaintiff, shipped the seven bales of cotton to New York, in March, 1871, and in June, of that year, sold them for $401.00 net, and applied the proceeds to the payment of the balance due upon the mortgage, leaving a balance of $49.00, which he paid to the plaintiff's attorney. In the months of January and February, of 1871, cotton was worth in Tarboro' 12 1/2 to 13 cents, and in March about 11 cents. The seven bales weighed 3,000 pounds, and were sold for 15 cts. per pound in New York.
The plaintiff failing to receive any portion of the rent for year 1870, took from Taylor a mortgage, a copy of which is *Page 344 
hereto annexed. Before the institution of this action, the plaintiff demanded of the defendant the cotton which the defendant refused to deliver.
His Honor instructed the jury, that as the cotton was in the possession of the plaintiff at the time the defendant agreed to receive and take care of it, the defendant is estopped from denying the title of the plaintiff thereto, as he received the same as bailee, and that the only questions for the jury were:
1. Whether they would allow the plaintiff interest on his claim by way of damages?
2. That plaintiff was entitled to recover from defendant the amount he received for the cotton, to-wit, $400.
To the charge of his Honor, the defendant excepted.
The following is a copy of the mortgage referred to:
"STATE OF NORTH CAROLINA, } Edgecombe County. } ss.
Articles of agreement made this 17th day of May, 1870, by and between William A. Taylor, in the county of Edgecombe, in the State above written of the one part, and O. C. Farrar, of Tarboro', in the State of North Carolina, of the other part. Whereas, the said A. Taylor being about to engage in the cultivation of the soil, has applied to the said O. C. Farrar for advancements and supplies, which he has agreed to make upon receiving a lien upon the crops to be made during the year. Now these presents witnesses that the said O. C. Farrar does hereby agree to advance and furnish to the said William A. Taylor merchandise and provisions to the amount and value of five hundred dollars. And the said William A. Taylor hath agreed to give and doth hereby give to said O. C. Farrar a lien upon all the crops to be made by him in the said county of Edgecombe during the year 1870, and on all mules and horses now in his possession to the said amount of five hundred dollars, the said lien to have priority over all other liens now existing or hereafter to be created, by virtue of the act of the *Page 345 
General Assembly of the State of North Carolina, in such cases made and provided.
In witness whereof the said parties have hereunto set their hands and seals the day and year above written.
 his (Signed) WILLIAM A. X TAYLOR. Witness: JOHN O'HAGAN." MARK.
The jury ascertained the principal money by deducting from the amount the proceeds of sale, the amount paid to the plaintiff's attorney, and rendered a verdict in favor of the plaintiff for $352.00 and interest, amounting in the aggregate to $434.15.
The Court gave judgment in favor of the plaintiff in accordance with the verdict, and thereupon the defendant appealed.
His Honor assuming the evidence to be true, (about which it seems no question was made,) instructed the jury that the receipt of the cotton by the defendant of the plaintiff, with an express promise on the part of the defendant that he would take care of the cotton for the plaintiff, constituted the relation of "bailor and bailee." There can be no doubt about that. His Honor further instructed the jury that a bailee is not allowed to dispute the title of his bailor and set up title in himself. This is familiar learning. The matter is too plain for discussion.
No error.
PER CURIAM. Judgment affirmed. *Page 346